No. 3851.—MARY E. BROWN and HUSBAND *v.* JAMES A. VENTRESS, Dative Testamentary Executor.

A dative testamentary executor will be removed from office, if it be shown that he has disobeyed the orders of the court directing him to file an account within a given time, or that he has otherwise neglected or refused to discharge the duties imposed upon him as testamentary executor.

APPEAL from the Parish Court of the parish of Iberville. *A. Petit,* Parish Judge. *Mathews & Wailes,* for plaintiffs and appellees. *Barrow & Pope,* for defendant and appellant.

TALIAFERRO, J. This is a suit to remove from office a dative testamentary executor, and for judgment against him for ten per cent. per annum on all sums he may be found liable for in that capacity. The action is brought by one of the heirs of James N. Brown, who died in 1859, leaving a large estate, the principal part of which is situated in the parish of Iberville. He appointed as executors of his will, John N. Brown, a son, and Gilbert S. Hawkins, a friend of the testator. Both the executors died within three or four years after the opening of the succession, and in December, 1864, the defendant was appointed dative testamentary executor, and he qualified as such by entering into bond and taking the oath required by law. The testator directed that certain real estate he owned in Baton Rouge and New Orleans, should be sold; that after the payment of his debts and certain legacies, the mass of his property consisting chiefly of two large sugar plantations should be kept together until his youngest child became of age, the plantations to be cultivated, and the net annual revenues to be equally divided among his heirs. The plantations have been superin-

tended and cultivated by the defendant since he came into office as dative testamentary executor. No account was filed by the executors appointed by the will. On the sixteenth of November, 1869, the plaintiff obtained an order of the probate court of Iberville, directing the defendant to file an account of his administration as dative testamentary executor, which he had failed and neglected to do prior to that time. The order then rendered was tardily obeyed. No account was filed until the fifth of October, 1870. On the twenty-fourth of that month he filed a second account, and on the sixteenth of October, 1871, he filed a third account. These accounts were promptly and vigorously opposed, and it seems no judgment has been rendered on the oppositions.

This suit to remove the defendant from office was filed on the third of October, 1870, two days before he filed his first account, and nearly a year after the order was rendered directing an account to be filed.

The grounds upon which the defendant is sought to be removed, are :

*First*—That he has been unfaithful in his administration of the estate of James N. Brown.

*Second*—That he has made use of money and property entrusted to him as dative testamentary executor for his private account.

*Third*—That he has neglected and failed to obey the order of this court commanding him to render a full, fair and perfect account of his administration.

*Fourth*—That the sureties on his bond as dative testamentary executor are insufficient, and that he has failed to account for the proceeds of the plantations under his charge amounting to $275,000.

A judgment was rendered by the judge *a quo*, dismissing from office the defendant, but he did not feel authorized under the allegations of the petition to impose upon him the penalties prescribed by statute. From this judgment the defendant has appealed.

We think the evidence in the record abundantly justifies the decree of dismissal. For about five years before he was called upon for an account he had never presented one ; and, after an order was rendered for the purpose of compelling him to account, another year elapsed before he,complied, the account then filed being the first during his administration.

Whatever obstacles may have been presented to the executor's efficient and careful discharge of his duties during the confusion and trouble arising from the war, there was nothing in his way for several years after it ended to prevent him from complying with the law requiring executors to render an account annually. Revised Statutes, sec. 1465.

It is shown that the dative testamentary executor made a surrender

of his property in March, 1865, claiming the benefit of the insolvent laws, that one of his sureties has since gone into bankruptcy, and that the other owns no property.

Upon the whole, it is clear, from the entire evidence adduced by the plaintiffs in support of their allegations, that sufficient grounds are shown for the removal of the defendant from the office of dative testamentary executor of James N. Brown.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.